UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LISA NECKRITZ KORAL,

                Plaintiff,

    -against-

ALSOU SAUNDERS, individually and as
Administratrix of the Estate of Gregg Saunders,
and ESTATE OF GREGG SAUNDERS,

                Defendants.
------------------------------------------------------------------X

**ORDER**
17-CV-7011(SJF)(AYS)

FILED
CLERK
8:36 am, Sep 30, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

      Pending before the Court are the objections of plaintiff Lisa Neckritz Koral ("plaintiff") to the Report and Recommendation of the Honorable Anne Y. Shields, United States Magistrate Judge, dated May 25, 2020 ("the Report"), recommending that the motion of defendants Alsou Saunders, individually and as administratrix of the estate of Gregg Saunders ("Saunders"), and the Estate of Gregg Saunders (collectively, "defendants") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's claims in their entirety be granted, and that plaintiff's cross motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be denied. For the reasons set forth below, the Report is accepted in its entirety.

I.     Discussion

    A.     Standard of Review

      Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and

1

recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

However, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (quotations, alterations and citation omitted); *see also Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (quotations, alterations and citation omitted)). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13; *see also Bassett v. Electronic Arts, Inc.*, 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B.   Plaintiff's Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Shields erred: (i) in recommending that her complaint be dismissed as untimely because plaintiff "was placed on inquiry notice of her claims more than two years before filing suit," (Obj. at 1, 11-13); (ii) in finding that plaintiff was on inquiry notice of Saunders' fraud and that plaintiff "failed even to establish a triable issue of fact on whether she had conducted a reasonable inquiry concerning Saunders' assets in the matrimonial proceeding," (*id.* at 13-15); (iii) in ignoring plaintiff's "meritorious argument that, due to Saunders' intentional concealment of facts material to her claim, the limitations period is subject to tolling," (*id.* at 1, 15); (iv) in concluding that plaintiff waived her fraud claims "when she exercised her right to a third-party appraisal, and when she executed a Stipulation of Settlement with boiler-plate language stating that she waived claims of fraud," since the Honorable Joseph F. Bianco, to whom this case was previously assigned, "rejected precisely this argument in denying Defendants' motion to dismiss," (*id.* at 1, 16, 19-24); (v) in ignoring "the voluminous proofs and examples of specific misrepresentations" made by Saunders which plaintiff identified in her opposition to defendants' motion for summary judgment, (*id.* at 1-2, 10, 16-17. 20-22); (vi) in "invad[ing] the role of the jury, [and] taking an idiosyncratic reading of" Saunders' deposition testimony, (*id.* at 2, 18-19); (vii) in crediting certain disputed statements of fact, (*see id.*, 8-10, 14); (viii) in "summarily recommend[ing] that Plaintiff's fiduciary duty claims be dismissed based upon [her] analysis of Plaintiff's fraud claims," since "this Court

3

previously ruled that Plaintiff's fiduciary duty claim was properly stated and independent of the fraud claim," (*id.* at 1, 24-25); (ix) "in applying, without any explanation or analysis, the different elements and standards of proofs for fraud claims to the fiduciary duty claim," (*id.* at 1, 25); and (x) in recommending dismissal of plaintiff's constructive trust claim without conducting a "fairness analysis about whether it would be equitable to permit the defendant to retain a benefit obtained." (*Id.* at 25).

According to plaintiff, the Report "turn[s] the discovery rule on its head" by concluding that plaintiff's claims "are untimely because, when she brought suit, Plaintiff had only suspicions that she was defrauded—suspicions which were later confirmed by incontrovertible proof obtained in the litigation—and had not yet 'discovered' anything." (Obj. at 1, 1-13). Plaintiff contends that her fraud and breach of fiduciary duty claims "are timely under the discovery rule because they were brought, not after, but before Plaintiff had developed knowledge of Saunders' secret sale of half of his interest in the LIC [*sic*] Property—the kind of knowledge that would commence the two-year limitations period under the discovery rule." (*Id.* at 13) (emphasis omitted). Moreover, according to plaintiff, defendants did not satisfy their purported burden of "establish[ing] 'conclusively' that, more than two years prior to bringing action, Plaintiff had 'knowledge of the facts from which the fraud could be reasonably inferred.'" (*Id.*).

In addition, plaintiff contends, *inter alia*, that the Report "wholly fail[s] to address Plaintiff's argument that the limitations period for her fraud, breach of fiduciary duty and constructive trust claims are tolled on grounds of Saunders' active and passive fraudulent concealment—which prevented Plaintiff from learning of Saunders' fraud and misconduct until her suspicions were raised many years later in 2016." (Obj. at 15).

Upon consideration of plaintiff's objections and defendants' responses thereto, and *de novo* review of the findings and conclusions in the Report to which plaintiff specifically objects, as well as all motion papers and the entire record, plaintiff's objections are overruled and those branches of the Report are accepted in their entirety.

C. Remainder of Report

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Shields to which no specific timely objections are interposed, those branches of the Report are accepted in their entirety. Accordingly, for the reasons set forth in the Report, defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted; defendants' are granted judgment as a matter of law dismissing plaintiff's claims in their entirety with prejudice; and plaintiff's cross motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied.

II. Conclusion

For the reasons set forth above, plaintiff's objections are overruled, the Report is accepted in its entirety and, for the reasons set forth therein, defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted; defendants are granted judgment as a matter of law dismissing plaintiff's claims against them in their entirety with prejudice; and plaintiff's cross motion for summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure is denied. The Clerk of the Court shall enter judgment in favor of defendants and close this case.

SO ORDERED.

/s/ *Sandra J. Feuerstein*<br>
Sandra J. Feuerstein<br>
United States District Judge

Dated: September 30, 2020
      Central Islip, New York