```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
LISA NECKRITZ KORAL,

                Plaintiff,              MEMORANDUM & ORDER
                                        17-CV-7011 (JS)(AYS)
     -against-

ALSOU SAUNDERS, individually and
as Administratrix of the Estate
of Gregg Saunders, and ESTATE OF
GREGG SAUNDERS,
                Defendants.
---------------------------------X

APPEARANCES

For Plaintiff:        Jason M. Koral, Esq.
                      Matthew J. Press, Esq.
                      Press Koral LLP
                      7 World Trade Center, 46th Floor
                      New York, New York 10007


For Defendants:       Giuseppe Franzella, Esq.
                      Robin S. Abramowitz, Esq.
                      Bond, Schoeneck & King, PLLC
                      225 Old Country Road
                      Melville, New York 11747
```

SEYBERT, District Judge:

Presently before the Court is the Motion in Limine ("Plaintiff's Motion") of Lisa Neckritz Koral (hereinafter, "Ms. Koral" or "Plaintiff") seeking to preclude testimony of two non-party witnesses at trial: Philip Pilevsky (hereinafter, "Mr. Pilevsky") and Scott Rosen (hereinafter, "Mr. Rosen") (together, "Witnesses in Dispute"). (See Pl.'s MIL, ECF No. 78; see also

1

Pl.'s Support Memo, ECF No. 78-1.)  Defendants Alsou Saunders, individually and as Administratix of the Estate of Gregg Saunders (hereinafter, "Ms. Saunders"), and Estate of Gregg Saunders (hereinafter, "Estate") (together, "Defendants") oppose Plaintiff's Motion.  (See Defs.' Opp'n, ECF No. 79.)  Upon review of Plaintiff's Motion, Defendants' Opposition thereto, and Plaintiff's Reply (Pl.'s Reply, ECF No. 80), the Court hereby DENIES Plaintiff's Motion for the reasons explained below.

## BACKGROUND[1]

The parties filed their Joint Pre-Trial Order (hereinafter, "JPTO") on October 7, 2024.  (See JPTO, ECF No. 69.) While the parties were circulating draft edits to the JPTO in advance of the deadline, on September 20, 2024 and for the first time, Defendants, in their draft, disclosed their intent to offer Mr. Pilevsky and Mr. Rosen as witnesses in their case-in-chief. (See Pl.'s Support Memo at 5.)  Defendants did not identify Mr. Pilevsky or Mr. Rosen as potential witnesses in their Rule 26(a)(1)(A) initial disclosures.  (See id.)  However, the Witnesses in Dispute "had been referenced tangentially in prior proceedings." (Id. at 6.)  Indeed, both Plaintiff and Ms. Saunders "identified [Mr.] Pilevsky as a business associate of Gregg

---

[1] The Court presumes the parties' familiarity with the factual and procedural background of the case and recites the facts only as necessary to adjudicate Plaintiff's Motion.

2

Saunders who owned an interest in the [Long Island City Property ("LIC Property")] and was involved in its management," and Plaintiff identified Mr. Rosen "in a declaration as a principal in National Wholesale Liquidators ("NWL"), a company that leased space at the LIC Property."  (See id.)  But Plaintiff did not know there was a prior, personal relationship between Mr. Pilevsky and Mr. Rosen.  (See id.)

DISCUSSION

I. The Parties' Arguments

Plaintiff requests the Court preclude Defendants from offering Mr. Pilevsky and Mr. Rosen as witnesses at trial because of Defendants' failure to disclose them as witnesses pursuant to Rule 26.  (Pl.'s Support Memo at 7.)  In support of excluding the Witnesses in Dispute, Plaintiff argues: (1) Defendants failure to disclose "was [n]either [j]ustified nor [h]armless" (id. at 7-10); (2) the factors that courts consider when determining whether to preclude a witness "weigh strongly in favor of exclusion of the testimony" (id. at 10-11); and (3) the proposed testimony of Mr. Pilevsky and Mr. Rosen is not relevant and would confuse the jury (see id. at 11-12).

In opposition, Defendants argue they should not be precluded from introducing Mr. Pilevsky and Mr. Rosen as witnesses at trial because:  (1) "the alleged late disclosure was substantially justified and harmless" (Defs.' Opp'n at 6-16, 20-

3

21); (2) notwithstanding that argument, Mr. Pilevsky and Mr. Rosen are impeachment witnesses, and thus Defendants were not required to disclose them pursuant to Rule 26 (id. at 16); (3) the testimonies of Mr. Pilevsky and Mr. Rosen are monumentally important to the issues in this case (id. at 17-20); (4) Defendants' position is that no continuance is needed, but Defendants would consent to a continuance (id. at 21-22); and (5) the testimonies of Mr. Pilevsky and Mr. Rosen are otherwise admissible under the Federal Rules of Evidence (because the relevance outweighs the potential for prejudice) (id. at 22-24).

In her Reply, Plaintiff argues: (1) Mr. Pilevsky's testimony is not harmless because discovery closed in 2019 and Defendants delayed disclosing Mr. Pilevsky as a witness "until days before the proposed pretrial order was due, nearly five years later" and did this "to maximize the potential prejudice to Plaintiff" (Pl.'s Reply at 7); (2) the testimony cannot be characterized as impeachment testimony because Defendants do not identify any proposed or potential testimony of Plaintiff that the proposed testimony of the Witnesses in Dispute would impeach (id. at 7); (3) the proposed testimony of Mr. Pilevsky "is not pertinent to any disputed issue fact" (id. at 7-9); (4) Plaintiff was "never on notice" that Mr. Pilevsky allegedly has personal knowledge of the value of the LIC Property that is in dispute in this litigation (id. at 9-10); and (5) Plaintiff's "mere awareness of [Mr. Rosen's]

4

existence is not sufficient to excuse the disclosure failure" and, regardless, his proposed testimony is irrelevant (id. at 10-11).

II. Legal Standards

   A. Motions *in Limine*

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." Highland Cap. Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)). Motions in limine "aid the trial process by enabling the [c]ourt to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Mango v. BuzzFeed, Inc., 316 F. Supp. 3d 811, 812 (S.D.N.Y. 2018) (quoting Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996)). On a motion in limine evidence should be excluded, "[o]nly when [it] is 'clearly inadmissible on all potential grounds.'" United States v. Ceballo, No. 13-CR-0308, 2014 WL 4980554, at *1 (E.D.N.Y. Oct. 6, 2014) (quoting United States v. Paredes, 176 F. Supp. 192, 193 (S.D.N.Y. 2001)). In considering a motion in limine, the [c]ourt "may reserve judgment until trial, so that the motion is placed in the appropriate factual context." United States v. Chan, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002). Moreover, a court's ruling on a motion in limine is "subject to change when the case unfolds, particularly if the actual testimony

5

differs from what was contained in the defendant's proffer." Id. at 341 (quoting Luce, 469 U.S. at 41).

Pursuant to Federal Rules of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED R. EVID. 401. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

B. Federal Rules of Civil Procedure 26 and 37 and the Remedy of Witness Preclusion

Federal Rule of Civil Procedure 26 (hereinafter, "Rule 26") governs parties' duties to disclose during the course of a litigation. Pursuant to Rule 26(a), parties are required to initially disclose – without waiting for discovery requests – to other parties in the litigation: "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i). And pursuant to Rule 26(e), a party must supplement its disclosures: "in a timely

6

manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A).

Under Federal Rule of Civil Procedure 37 (hereinafter, "Rule 37"), sanctions may be sought against a party who fails to disclose or supplement a response; more specifically: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The burden of proving substantial justification or harmlessness is upon the offending party. See White v. City of Middletown, 45 F. Supp. 3d 195, 208 (D. Conn. 2014). The meaning of "substantially justified" is "justification to a degree that could satisfy a reasonable person that the parties could differ as to whether the party was required to comply with the disclosure request." Id. (quoting Am. Stock Exch., LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y.2002)). The meaning of "harmless" is "when there is no prejudice to the party entitled to the disclosure" because of the "[f]ailure to comply with the mandate of the Rule." Id. (quoting Am. Stock Exch., LLC, 215 F.R.D. at 93. However, "[c]ourts in this Circuit recognize that preclusion of evidence

7

pursuant to Rule 37(c)(1) is a <u>drastic remedy and should be exercised with caution</u>. <u>Id.</u> (emphasis added) (citing <u>Ventra v. United States</u>, 121 F. Supp. 2d 326, 332 (S.D.N.Y.2000)). Moreover, "[n]otwithstanding the seemingly mandatory language of the rule, even where the failure to disclose is neither justifi[ed] nor harmless, the Second Circuit has viewed the imposition of sanctions as discretionary and district courts have generally not ordered preclusion." <u>Hirschberg v. Bank of Am., N.A.</u>, No. 08-CV-1611, 2010 WL 11700854, at *2 (E.D.N.Y. Mar. 1, 2010) (internal quotation marks omitted) (quoting <u>Mahoney v. Keyspan Corp.</u>, No. 04-CV-554, 2007 WL 1651853, at *1, (E.D.N.Y. June 6, 2007) (citing <u>Design Strategy, Inc. v. Davis</u>, 469 F.3d 284, 297-98 (2d Cir. 2006))).

To determine whether to preclude testimony due to a failure to comply with discovery obligations, courts typically consider the following factors: "(1) the party's explanation for failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance" (hereinafter, the "Factors"). <u>Hamilton v. City of Peekskill Police Dep't</u>, No. 13-CV-8138, 2015 WL 4635692, at *4 (S.D.N.Y. Aug. 3, 2015) (quoting <u>Softel, Inc. v. Dragon Med. & Sci. Commc'ns.</u>, 118 F.3d 955, 961 (2d Cir. 1997)); <u>see</u> <u>Hirschberg</u>, 2010 WL 11700854, at *4.

8

III. The Court's Decision

Defendants did not violate Rule 26 with respect to Mr. Pilevsky or Mr. Rosen. Thus, neither of the Witnesses in Dispute shall be precluded from testifying at trial.

First, the Court agrees Defendants had no way of knowing Mr. Pilevsky was a person likely to have discoverable information in this case until discovery (see Defs.' Opp'n at 7-8), and did not know of Mr. Rosen's involvement until they were preparing the JPTO (see Abramowitz Decl., ECF No. 79-1, ¶ 2). As Defendants aptly point out, "Plaintiff's Complaint and Amended Complaint contain absolutely no mention of the LIC Property" as they only specifically referenced ownership interests that Plaintiff's ex-husband Gregg Saunders (hereinafter, "Mr. Saunders") had in two properties in Connecticut, "properties in which [Mr.] Pilevsky had no interest." (Defs.' Opp'n at 7-8.) Thus, it was understandable why Defendants did not include Mr. Pilevsky in their initial disclosures; they had no reason to believe he would have been likely to have discoverable information to support their defenses.[2] See FED. R. CIV. P. 26(a)(1)(A)(i).

Second, the Court must determine whether Defendants violated Rule 26(e), which requires parties who have made

---

[2] Indeed, one might argue, any failure lies with Plaintiff since she did not identify Mr. Pilevsky in her initial disclosures pursuant to Rule 26.

9

disclosures under Rule 26(a) to supplement their disclosures in a timely manner if they "learn[] that in some material respect the disclosure or response is incomplete or incorrect, <u>and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing</u>." FED. R. CIV. P. 26(e)(1)(A) (emphasis added). Mr. Pilevsky <u>was made known during the discovery process</u>, as <u>Plaintiff</u> herself produced multiple documents referencing Mr. Pilevsky's importance to the LIC Property, including: (1) Mr. Saunders' deposition transcripts from the Divorce Action, describing his relationship with Mr. Pilevsky and confirming he has an ownership interest in 3500 Owners Associates, LP, which owned the LIC Property (see Ex. E, ECF No. 79-6, at LN000043, LN000045); (2) a Valuation of Partnership Interests in the LIC Property, which listed Mr. Pilevsky as a limited partner of 3500 Owners Associates Limited Partnership (see Ex. F, ECF No. 79-7, at LN000340); and (3) Plaintiff's own deposition transcript from another case in which she testifies about Mr. Saunders relationship with Mr. Pilevsky (see Ex. G, ECF No. 79-8, at LN001078-LN001080). (Defs.' Opp'n at 8-10.) As a result, the Court cannot find Defendants violated their obligation to supplement their initial disclosures, since Plaintiff herself produced documents during discovery that included information about Mr. Pilevsky, his involvement with the LIC Property, and his relationship with Mr. Saunders, which,

10

according to the text of Rule 26(e), obviates the need to supplement. See White, 45 F. Supp. 3d at 209 ("Where, as here, a party knew of the witnesses and the information they possessed, the duty to supplement disclosure under Rule 26(e) does not apply."); see also BanxCorp v. Costco Wholesale Corp., 978 F. Supp. 2d 280, 323 (S.D.N.Y. 2013) ("[T]here is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery." (emphasis added) (citation omitted)); see also Sealy v. Gruntal & Co., No. 94-CV-7948, 1998 WL 698257, at *2 (S.D.N.Y. Oct. 7, 1998) ("Since the identities of seven of these individuals were disclosed in deposition testimony, together with at least some information about their potential significance, plaintiff cannot demonstrate a clear-cut violation of [Rule 26] with respect to them.").

Plaintiff attempts to avoid the fact that she produced documents during discovery indicating Mr. Pilevsky's significance and involvement with the LIC Property. Plaintiff asserts "the main purpose of calling [Mr.] Pilevsky as a witness is not to testify to such mundane matters, which Plaintiff does not dispute"; rather, the main purpose for Mr. Pilevsky to take the stand, is so he can testify "'regarding his relationship with the CEO of [National Wholesale Liquidators ("NWL")], Scott Rosen, whom he had known since childhood.'" (See Pl.'s Reply at 6 (quoting JPTO at

11

9).) Plaintiff claims the problem with this is that she "had no knowledge of such a personal relationship" between the two Witnesses in Dispute; thus, this was omitted or after-acquired information that was not otherwise made known to Plaintiff, a violation of Rule 26. As a result, Mr. Pilevsky must be precluded from testifying at trial. (See id.) Interestingly, Plaintiff is seemingly conceding Mr. Pilevsky's proposed testimony on the "mundane" matters regarding the LIC Property is not an issue, but is hanging her proverbial hat on the fact Mr. Pilevsky may testify about how he and Mr. Rosen had a personal relationship in the past. (See id.) First, that topic is listed in the JPTO as just <u>one of six topics</u> Mr. Pilevsky may testify about. See JPTO at 9. Second, Robin S. Abramowitz, counsel for Defendants, declared "<u>under penalty of perjury</u> that the following is true and correct:"

> <u>In order to prepare the Joint Pretrial Order</u>, which requires a summary of the witness testimony be included, <u>I contacted Philip Pilevsky</u> in order to discuss the summary of his testimony. <u>In the context of that conversation, Mr. Pilevsky advised me that Scott Rosen was the CEO of National Wholesale Liquidators, that they had known each other since they were children</u>, and that it was his idea to contact Mr. Rosen about leasing a portion of the LIC Property. <u>Upon learning of this information, I included it in a draft of the Joint Pretrial Order</u>.

(Abramowitz Decl., ¶ 2 (emphasis added).) Thus, Defendants and their counsel learned about Mr. Rosen and about the personal

12

relationship between the Witnesses in Dispute only during the drafting of the JPTO, and then immediately disclosed it in writing in the draft JPTO they sent to Plaintiff's counsel. (See id.) Given that sequence of events, the Court finds that complies with the spirit of Rule 26(e). See FED. R. CIV. P. 26(e)(1)(A) (parties must supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties [] in writing") (emphasis added); see, e.g., Design Strategies, Inc. v. Davis, 228 F.R.D. 210, 211-12 (S.D.N.Y. 2005) (deciding that, although defendants did not disclose a potential witness until the joint pre-trial order because they only recently learned a witness was available to testify, a Rule 26 violation could not be determined because of "the vagueness and brevity of [d]efendants' explanation as to why it did not disclose [the witness's] identity earlier," but declined to preclude the witness from testifying at trial because plaintiff did not "lack[] familiarity" with the witness).

Even assuming arguendo Defendants violated Rule 26, the harsh sanction of preclusion under Rule 37 is still not appropriate here. First, Defendants did not find out about Mr. Rosen and the personal relationship between the Witnesses in Dispute until defense counsel were drafting the JPTO, which is a substantial

13

justification. (See Abramowitz Decl. ¶ 2). This reason, i.e., finding out relevant information for the case from a non-party witness in the later stages of the action while preparing for trial, surely "could satisfy a reasonable person that the parties could differ as to whether the party was required to comply with the disclosure request," and thus substantially justify the alleged noncompliance. See White, 45 F. Supp. 3d at 208 (quoting Am. Stock Exch., LLC, 215 F.R.D. at 93).

Second, this "late" disclosure was harmless to Plaintiff, even though she asserts otherwise. Harmless means "there is no prejudice to the party entitled to the disclosure," see id. (quoting Am. Stock Exch., LLC, 215 F.R.D. at 93); the Court finds no prejudice to Plaintiff here. Although Plaintiff tries to claim that there is significant prejudice, because "[t]imely knowledge" of this "would have permitted Plaintiff to explore other discovery options" by issuing subpoenas to other members of the Rosen family, Plaintiff's argument falls flat. (See Pl.'s Reply at 7.) Plaintiff concedes in her papers, she "has already attested that she understood that [Mr.] Rosen was the CEO of NWL during the relevant time period and thus [Mr.] Rosen's proposed testimony would corroborate Plaintiff . . . ." (Pl.'s Support Memo at 8-9.) Since Plaintiff knew about Mr. Rosen's involvement all along, there is no prejudice to her here; she could have requested discovery from Mr. Rosen and his family at any point during the

14

litigation. And even if she did not know about Mr. Rosen's significance (which she admits she did), Plaintiff could have explored those options at any point during the subsequent seven months since the JPTO drafts were exchanged and Defendants disclosed Mr. Rosen as a trial witness. If Defendants did violate Rule 26 (which this Court finds they did not), it was harmless because there is no prejudice to Plaintiff. In fact, the Advisory Committee notes to Rule 37(c)(1) provide examples of what can be considered "harmless," and one of those examples, as here, is late disclosure "of a potential witness known to all parties." See 1993 Amendment Advisory Comm. Notes for Fed. R. Civ. P. 37(c)(1); see also Howard Univ. v. Borders, No. 20-CV-4716, 2022 WL 3568477, at *2 (S.D.N.Y. Aug. 17, 2022) ("And, even if there were such a duty, the violation would be harmless. Defendants knew throughout discovery of [the witness's] role. Defendants also will have a fulsome opportunity to cross examine [the witness] at the bench trial of this action."); Hirschberg, 2010 WL 11700854, at *3 (concluding Rule 37(c)(1)'s preclusionary sanction is not triggered because "it is fair to infer that [the witness] is not a person with whom [defendant] lacks familiarity" (citing Design Strategies, 228 F.R.D. at 212)); see also Lore v. City of Syracuse, No. 00-CV-1833, 2005 WL 3095506, at *2 (N.D.N.Y. Nov. 17, 2005) ("While it may be true that plaintiff failed to adhere to the letter of the discovery rules, the court is convinced that

15

defendants were sufficiently aware of the existence and relevance of the [witnesses] in question so that defendants are not being subjected to trial by ambush.").

Lastly, it is not lost on this Court that recently, on April 25, 2025, Plaintiff filed a letter stating: "<u>Plaintiff has not yet taken the deposition of Geoff Gordon, scheduled for early May.</u>"  See ECF No. 86 (emphasis added).  If Plaintiff is able to take the deposition of a wholly other non-party witness at this stage in the litigation, it should not be an issue for her to take the deposition of the non-party Witnesses in Dispute at this stage in the litigation, if she so wishes.  See Design Strategies, 228 F.R.D. at 212 (refusing to preclude witness under Rule 37 and stating "[a]lthough trial . . . is imminent, the Court finds that, in light of the familiarity [plaintiff] already has with [the witness] . . . there is sufficient time . . . for [plaintiff] to conduct an adequate deposition of [the witness] prior to the start of trial, if it so wishes").  Regardless, Plaintiff will have the opportunity to cross examine the Witnesses in Dispute at trial.  See Howard Univ., 2022 WL 3568477, at *2.  Therefore, neither of the Witnesses in Dispute are precluded from testifying at trial.[3]

---

[3] Thus, the Court need not address Defendants' argument that the Witnesses in Dispute are solely testifying as "impeachment witnesses." (See Defs.' Opp'n at 16.)

16

Furthermore, Plaintiff attempts to assert the proposed testimony of the Witnesses in Dispute are not relevant and would confuse the jury. (See Pl.'s Support Memo at 11-12; see Pl.'s Reply at 8-9, 11.) The Court disagrees. The proposed testimony of Mr. Pilevsky and Mr. Rosen is relevant, since they have knowledge about the events that are directly at issue in this litigation; on balance, that relevance outweighs any potential confusion. Moreover, depending on what transpires at trial and what evidence is introduced, Plaintiff may seek clarifying jury instructions if warranted. Therefore, Plaintiff's Motion is denied. In any event, Plaintiff is not precluded from renewing objections to specific lines of questioning and testimony at trial if she believes there is a basis to do so. See Chan, 184 F. Supp. at 340-41 (noting a court's ruling on a motion in limine is "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer" (quoting Luce, 469 U.S. at 41)).

CONCLUSION

Accordingly, IT IS HEREBY ORDERED: Plaintiff's Motion in Limine is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May 7, 2025
       Central Islip, New York